OPINION OF THE COURT
Memorandum.
Order unanimously modified by granting Ford Motor Credit Company’s motion for summary judgment to the extent of dismissing plaintiffs action as against it and, as so modified, affirmed without costs.
The plaintiff purchased a new motor vehicle from a Ford dealership and executed a retail instalment contract which contract was assigned to defendant-appellant Ford Motor Credit Company. Said contract contained a clause which provided that the "Buyer acknowledges receipt of a true and completely filled in copy of this contract at the time of signing.” The buyer failed to make any payments due under the contract and instituted suit against, inter alia, the dealership and appellant, the assignee, alleging that the defendants conspired to defraud her in her purchase and financing of the vehicle in that she signed the contract in blank and it was thereafter improperly completed. Defendant Ford Motor Credit Company interposed four counterclaims, the second of which sought to recover the balance due under the contract and the fourth counterclaim sought to recover attorney’s fees.
The assignee, Ford Motor Credit Company, moved for summary judgment dismissing the action against it and for judgment on its second and fourth counterclaims. In our opinion, under the circumstances presented, plaintiff may not obtain affirmative relief against the assignee (see, Personal Property Law § 302 [9]). Accordingly, summary judgment should have been granted to the extent of dismissing plaintiffs action as against the appellant.
With respect to the appellant’s second and fourth counterclaims, we note that while Personal Property Law § 302 (9) provides that the assignee of a retail instalment contract shall be subject to all claims and defenses of the buyer against the seller arising from the sale (see also, 16 CFR 433.2), nevertheless said provision, in our opinion, does not preclude the applicability of Personal Property Law § 302 (8) which provides that the buyer’s written acknowledgment that the buyer received a completed copy of the retail instalment contract "shall be conclusive proof of such delivery * * * in any action or proceeding by or against an assignee of the contract without *394 knowledge to the contrary when he purchases the contract.” To hold otherwise would enable a buyer who helped create the situation by signing a contract which was incomplete, but bearing the buyer’s acknowledgment that she received a completed contract, to benefit therefrom by asserting such claim of improper completion of the contract as against an innocent assignee. However, an issue of fact exists as to whether the assignee in fact purchased the contract without knowledge of its alleged improper completion (see, Personal Property Law § 302 [8]) since the person submitting the affidavit in support of the appellant’s motion had no personal knowledge of the facts. We note that in the event Ford Motor Credit Company is unable to meet its burden of proving that it had no knowledge that the contract was signed in blank (cf., Uniform Commercial Code § 3-307 [3]), its recovery will be reduced to the extent of the damages sustained by plaintiff by virtue of any fraud which she may establish was perpetrated against her.
Kassoff, P. J., Scholnick and Patterson, JJ., concur.